UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTON FROST,<br><br>    Plaintiff,<br><br>v.<br><br>WESTIN HOTELS MANAGEMENT LP, et al.,<br><br>    Defendants. | Case No. 4:19-cv-06545-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Re: Dkt. No. 1 |

On October 10, 2019, Plaintiff Vinton Frost filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*.

Plaintiff has, however, declined the jurisdiction of the undersigned, so the case is reassigned to a district judge with the RECOMMENDATION that it be dismissed with leave to amend pursuant to 28 U.S.C. § 1915.

### I.    LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II. DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff appears to be alleging that employees of the Westin Hotel in Palo Alto conspired with an unidentified federal agency to deprive him of his rights. (Compl., Dkt. No. 1 at 4.) The incident, however, appears to have occurred five years ago, which, without more, would

2

appear to be outside the statute of limitations period for one or all of the claims. There is also no indication that, even if Plaintiff's lawsuit was timely filed, that he exhausted his administrative remedies for every claim he appears to allege. Moreover, Plaintiff cites two criminal statutes as his basis for jurisdiction, but those statutes do not provide a private right of action. *Henry v. Universal Tech. Inst.*, 559 F. App'x 648, 650 (9th Cir. 2014) (no private right of action under 18 U.S.C. § 371); *see, e.g., Murphy v. Bank of New YorkMellon*, No. 14-CV-02030-JST, 2014 WL 4222188, at *5 (N.D. Cal. Aug. 25, 2014) (no private right of action under 18 U.S.C. § 1001). Lastly, Plaintiff seeks to incorporate a complaint filed in a prior case, which is improper. (Compl. at 4.) Instead, Plaintiff's complaint must be complete in itself without reference to the prior or superseded pleading, let alone a pleading from another lawsuit. Thus, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, the Court concludes that the complaint does not satisfy Section 1915 review.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is GRANTED. However, the undersigned finds that the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). Since Plaintiff has declined the jurisdiction of the undersigned magistrate judge, the case is REASSIGNED to a district judge with the RECOMMENDATION that the complaint be dismissed with leave to amend.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: November 18, 2019

KANDIS A. WESTMORE
United States Magistrate Judge

3